### AETNA FINANCE CORPORATION, d/b/a Thorp Credit Inc. of Indiana

v.

### MASSEY–FERGUSON, INC.

#### No. IP 82–1531–C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

July 11, 1985.

---

483

Lawrence M. Reuben, Atlas, Hyatt & Reuben, Indianapolis, Ind., for plaintiff.

Christopher Kirages, Dutton & Overman, Indianapolis, Ind., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

STECKLER, District Judge.

This matter is before the Court for a decision on the merits following trial to the Court.

In this case the Court is called upon to determine which of two secured creditors is entitled to possession of a tractor or to the proceeds of its sale. Plaintiff, Thorp Credit Inc. of Indiana (Thorp), has a security interest in the tractor by virtue of its purchase of a retail installment sales contract from the dealer, Martinsville Equipment Co. Defendant, Massey-Ferguson, Inc., has a security interest in the same tractor by virtue of its role as manufacturer and inventory financer for Martinsville Equipment. Martinsville Equipment precipitated the parties' conflict by selling the tractor and transferring the installment sales contract, for new value, to Thorp without reporting the sale or remitting the proceeds to Massey-Ferguson.

Thorp contends that pursuant to I.C. § 26–1–9–318 its security interest as retail financer is superior to that of Massey-Ferguson. Massey-Ferguson argues that Thorp's security interest is not enforceable because the buyer of the tractor never acquired an interest in it, and therefore Thorp's security interest never attached. Massey-Ferguson also argues that Thorp's claim is barred by laches, waiver and estoppel. The Court previously rejected Massey-Ferguson's statute of limitations defense.

Having heard the evidence and reviewed the parties' briefs, the Court concludes that the law is with Thorp. Although apparently a case of first impression in Indiana, Thorp's position has been upheld by a number of cases in other jurisdictions. *See e.g., Borg-Warner Acceptance Corp. v. C.I.T. Corp.*, 679 S.W.2d 140, 39 UCC Rep.Serv. 1864 (Texas Ct.App.1984); *American State Bank v. Avco Financial Services*, 71 Cal. App.3d 774, 139 Cal.Rptr. 658, 22 UCC Rep. Serv. 235 (1977); *Rex Financial Corp. v. Great Western Bank & Trust*, 23 Ariz. App. 286, 532 P.2d 558, 16 UCC Rep.Serv. 1155 (1975); *Chrysler Credit Corp. v. Sharp*, 56 Misc.2d 261, 288 N.Y.S.2d 525, 5 UCC Rep.Serv. 226 (Sup.Ct.1968). The Court agrees with the conclusions of those decisions that the inventory financer is in the better position to guard against sales out of trust and that the smooth flow of commerce, an explicit policy of the Uniform Commercial Code, requires that the retail

financer be able to rely on the chattel paper it acquires. The one case cited by Massey-Ferguson in which the inventory financer's security interest was deemed superior to the retail financer, *Chartered Bank of London v. Chrysler Corp.*, 115 Cal.App.3d 755, 171 Cal.Rptr. 748, 30 UCC Rep.Serv. 1438 (1981), involved a warehouse receipt with specific instructions on release of the collateral for sale. There were no such restrictions in this case.

Accordingly the Court hereby enters its findings of fact and conclusions of law.

### Findings of Fact

1. Plaintiff, Aetna Finance Corporation d/b/a Thorp Credit Inc. of Indiana is a Delaware corporation with its principal place of business in Indiana.

2. Defendant, Massey-Ferguson, Inc., is a Maryland corporation with its principal place of business in Iowa.

3. Thorp is engaged in the finance business which involves primarily the extension of credit both consumer and commercial in nature.

4. Massey-Ferguson is engaged in the manufacture and, through authorized dealers, the sale of farm equipment.

5. Martinsville Equipment was a dealer for the sale and service of Massey-Ferguson farm equipment pursuant to the terms of a Dealer Sales and Service Agreement (Dealer Agreement) executed by and between it and Massey-Ferguson on or about June 13, 1977.

6. Under terms of the Dealer Agreement, Massey-Ferguson retained a security interest in the equipment sold by it to Martinsville Equipment to be held in the inventory of the latter for resale at retail.

7. To perfect its security interest, Massey-Ferguson filed its UCC–1 Financing Statements with the Recorder of Morgan County, Indiana, and with the Indiana Secretary of State.

8. On or about August 9, 1979, Donald I. Dyer ("Dyer") executed a Retail Installment Contract for the purchase of a Massey-Ferguson 4840 Tractor with Campbell & Morris Equipment Company, Inc., d/b/a Martinsville Equipment Company.

9. The Retail Contract was assigned by Martinsville Equipment to Thorp on August 9, 1979, and Thorp, on the same date, issued its check payable to Martinsville Equipment in the sum of $45,000.00 as the balance of the cash price less the allowance for a trade-in. That check was thereafter endorsed on behalf of Martinsville Equipment by its principal stockholder and owner, John Ream ("Ream") to R & D Farms, a farm partnership then existing between Ream and Dyer as the sole partners.

10. The taking of the assignment and possession of the contract and paying new value therefor by plaintiff, Thorp, were in the ordinary course of its business.

11. By virtue of said assignment, Thorp was granted and took a security interest in the tractor.

12. To perfect its security interest, Thorp filed UCC–1 Financing Statements with the Recorder of Morgan County, Indiana, and with the Indiana Secretary of State.

13. Dyer did not take immediate delivery and possession of the tractor. Instead he left it at Martinsville Equipment to have service performed so that the tractor would meet his specific needs.

14. Martinsville Equipment did not complete the service, and the tractor remained on the premises of Martinsville Equipment. Dyer, nevertheless, possessed rights to the tractor as evidenced by the installment sales contract and Dyer's directives that certain changes be made to the tractor.

15. The tractor remained on Martinsville Equipment Company's unsold inventory list. No reference was made in the books and records of Martinsville Equipment of any sale to Dyer, no sales ticket was issued, and no entry was made in the sales and receipt ledger.

16. On or about October 18, 1979, Massey-Ferguson terminated the dealership of Martinsville Equipment and, incident to such termination, repossessed from the premises of the dealer the tractor together

with all other items of equipment which were held as unsold items of equipment by the dealer pursuant to the floor plan arrangement between it and Massey-Ferguson.

17. On or about December 21, 1979, Dyer issued his check in the amount of $29,108.30 payable to Thorp which represented the first annual installment due under the retail contract of $14,815.00, the balance of such check representing payment of the first annual installment due on a Sperry-New Holland Combine which was also the subject of a retail contract by Dyer with Martinsville Equipment financed by and assigned to Thorp.

18. Dyer thereafter defaulted on his obligations under the contract, failing to remit installment payments as due.

19. In or about August of 1980, Thorp obtained an order of the Morgan County, Indiana, Circuit Court in Cause No. C80–C–279, a replevin action brought by it against Dyer, ruling that, as between Thorp and Dyer, Thorp was entitled to possession of the tractor.

20. At the time of the execution of the retail contract by Dyer on August 9, 1979, Thorp had no knowledge of the fraudulent nature of the business transactions involving Martinsville Equipment, Ream and Dyer and was not a participant therein.

21. Thorp's conduct does not indicate that it waived, or should be estopped from asserting, its claim to the tractor or its proceeds.

22. Any conclusion of law stated hereinbelow to the extent that it constitutes a finding of fact is herein incorporated by reference as an additional finding of fact by this Court.

Based upon the foregoing findings of fact the Court now makes the following conclusions of law.

### Conclusions of Law

1. This Court has jurisdiction over the subject matter and the parties to this action.

2. Thorp's security agreement with respect to the tractor did, as a matter of law, attach.

3. Thorp's security agreement has, in accord with I.C. § 26–1–9–308, priority over defendant Massey-Ferguson's security agreement.

4. Thorp was a purchaser as defined by I.C. § 26–1–1–201(33).

5. The Retail Installment Contract executed by Dyer and Martinsville Equipment and assigned to plaintiff, Thorp, was "chattel paper" as defined by I.C. § 26–1–9–105(1)(b).

6. Thorp gave "new value" as consideration for said Contract.

7. This is an action to recover possession of personal property, or damages in lieu thereof, and is governed by a six-year limitation period. I.C. § 34–1–2–1.

8. Thorp has established that it has been damaged and that, in lieu of the personal property, it is entitled to recover the sum of $30,184.90 principal plus $14,260.35 interest to November 1984 and interest at an appropriate rate since then.

9. Any finding of fact stated hereinabove to the extent that it constitutes a conclusion of law is herein incorporated by reference as an additional conclusion of law by this Court.

### JUDGMENT

The Court having heard the evidence of the parties at trial and having entered its memorandum, findings of fact and conclusions of law this date,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that plaintiff, Aetna Finance Corp., d/b/a Thorp Credit Inc. of Indiana, recover from defendant, Massey-Ferguson, Inc., the sum of $30,184.90, plus $14,260.35 interest to November 1984, plus interest at the appropriate rate from November 1984 to the date of this judgment.